## 42219. THE STATE v. MILLWOOD.
### (333 SE2d 371)

PER CURIAM.
After plenary consideration of this matter, it is found not to satisfy the criteria for the grant of certiorari and the writ is therefore vacated.

*Clarke, Smith, Weltner and Bell, JJ., and Judge Sam L. Whitmire concur. Marshall, P. J., and Gregory, J., dissent. Hill, C. J., disqualified.*

GREGORY, Justice, dissenting.

We granted certiorari in this case with two issues posed. One was, "Whether declarations of sexual assault victims of tender years should be excepted from the (rule against hearsay)." The Court of Appeals' opinion allowed the testimony here and I agree with that result. I dissent because, in the absence of legislation, I believe the time has come for this court to begin to fashion a new exception to the rule against hearsay. A change in the law seems necessary to deal with the dramatic increase in the cases of reported sexual abuse among young children in recent years. This is particularly true since child abuse cases often involve a lack of witnesses or corroborative physical evidence as well as a reluctance or inability of the victim to testify in a courtroom setting.

I suggest a new exception to the hearsay rule that generally follows the principles set out by the Washington legislature in Wash. Rev. Code § 99.44.120 (1982):

"A statement made by a child when under the age of ten describing any act of sexual contact performed with or on the child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of the State of Washington if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient indicia of reliability; and

(2) The child either:

(a) Testifies at the proceedings; or

(b) Is unavailable as a witness: *Provided,* That when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.

A statement may not be admitted under this section unless the proponent of the statement makes known to the adverse party his intention to offer the statement and the particulars of the statement sufficiently in advance of the proceedings to provide the adverse party with a fair opportunity to prepare to meet the statement."

This court should begin in the common law tradition to establish the new exception with this case because it is an ideal point of departure. It is but a step beyond our decision in *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982), in which we allowed an out-of-court statement where the declarant was a witness at trial. That is the situation here. In future cases the out-of-court declarant may very well be unavailable and we should then consider the requirements in the Washington statute[1] or similar safeguards for that circumstance.

---

[1] For a discussion of the Washington statute and other approaches see "A Comprehen-

538

I am authorized to state that Presiding Justice Marshall joins in this dissent.

DECIDED JULY 2, 1985.

*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellant.
*Custer & Johnson, Lawrence B. Custer, Lawrence E. Burke,* for appellee.
*Robert E. Wilson, District Attorney, J. Thomas Morgan, Assistant District Attorney, Michael J. Bowers, Attorney General, Joe Chambers,* amici curiae.

---

sive Approach to Child Hearsay Statements in Sex Abuse Cases" by Judy Yun, 83 Colum. L. Rev. 1745 (1983). See also *Bertrang v. State,* 50 Wis.2d 702 (184 NW2d 867) (1971).
[1] The crime was committed on July 6, 1980. The Henry County jury returned its verdict of guilty on September 30, 1983. A motion for new trial was filed on October 31, 1983, and